**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
4161 N. Thanksgiving Way, Suite 300
Lehi, UT 84043
Telephone: (801) 331-8668
Email: matthew.crane@fordcranelaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN FORD, | |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| SMITH'S FOOD & DRUG CENTERS, INC., an Ohio Corporation doing business as SMITH'S FOOD & DRUG #73, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X. | Case No. 2:16-CV-01083-EJF  Magistrate Judge Evelyn J. Furse |
| Defendants. | |

Plaintiff Carolyn Ford, by and through her attorney Matthew B. Crane of Ford & Crane PLLC hereby files complaint against Smith's Food & Drug Centers, Inc., an Ohio Corporation doing business as Smith's Food & Drug #73, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X, and alleges as follows:

## INTRODUCTION

1.     This action seeks redress against Defendant in the form of declaratory relief and a permanent injunction to enjoin Defendant's unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2], as well as causes of action under Utah State law as set forth below. Defendant maintains illegal architectural barriers to access on its premises and has failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2.     On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard").  These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36.  Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere to in order to comply with the ADA.

3.     Even if the non-conforming barriers were constructed prior to 1990, places of public accommodation must comply with the 1991 Standard if compliance is readily achievable.[4]

---

[1] 42 U.S.C. §12181 *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12181(2)(A).

4.      On September 15, 2010, the Department of Justice revised the ADA Standards for

Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D

and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or

altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after

September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010

Standard.

5.      Any site that has undergone relevant renovations since March 2012 must fully

comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard

alone.[5]

6.      Title III of the ADA specifically governs barriers to access in places of public

accommodation operated by private entities such as Defendant.

7.      Defendant's unlawful violations of the ADA also constitute a nuisance as defined

by Utah Code Ann. §78B-6-1101(1) which defines the term as "anything which is injurious to

health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to

interfere with the comfortable enjoyment of life or property." Any person whose health, use of

property and/or personal enjoyment is lessened by an obstruction may bring suit to enjoin or

abate the nuisance and recover damages under Utah Law.

---

[5] 28 C.F.R. 36.406(a).

## PARTIES, JURISDICTION AND VENUE

8.      Plaintiff Carolyn Ford is a citizen and resident of the State of Utah.

9.      Plaintiff suffers from pernicious anemia which severely impairs her balance and leaves her unable to stand for more than short periods.  Plaintiff has also been diagnosed with Stiff Person Syndrome (SPS), which is a rare disease which manifests by the stiffening of the muscles that leaves her with limited ability to bend her legs and walk.

10.     Because of Plaintiff's impairments above, she must use assistive devices for mobility—a walker for moving short distances and a wheelchair for any extended travel. Often she is unable to move with her walker at all and on some days is completely confined to her wheelchair.

11.     Plaintiff received a permanent disability parking permit from the State of Utah approximately a decade ago.

12.     Defendant Smith's Food & Drug Centers, Inc. ("Smith's") is an Ohio Corporation which owns the property located at 210 E. 700 S., Pleasant Grove, UT 84062 (the "Premises").

13.     Defendant Smith's operates a business on the Premises under the name Smith's Food and Drug #73.

14.     The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

15.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

4

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendant's conduct business herein.

## FACTUAL ALLEGATIONS

17.     Plaintiff incorporates the foregoing paragraphs herein.

18.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[6]

19.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[7]

20.     Plaintiff Carolyn Ford lives with a permanent disability and must use a walker or a wheelchair for mobility.

21.     Defendant owns the Premises and/or lease space or operates a business located at the Premises.  Defendant offers goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

22.     Plaintiff has visited the Premises and has encountered barriers to access, which makes it impossible for her to fully enjoy the goods and services offered.

23.     The architectural barriers to access on Defendant's Premises include, but are not limited to, the following:

---

[6] 42 U.S.C. §12101.
[7] 42 U.S.C. §12181(2)(A).

24.     The Premises lacks a van accessible sign as required by ADAAG.[8]

25.     Signs displaying the International Symbol of Accessibility are not located sixty (60) inches above the ground surface so that they are not obscured by a vehicle parked in the space.[9]

26.     Accessible spaces lack signs with the International Symbol of Accessibility as required by ADAAG.[10]

27.     Accessible parking spaces and their access aisles have surface areas with slopes exceeding the 1:48/2.083% (2010) and 1:50/2% (1991) maximum allowed by ADAAG (with slopes as great as 6.9%).[11]

28.     Any accessible route would have to cross barriers to access that would violate rules against changes in level under ADAAG.[12]

29.     Some of the parking spaces marked as accessible have no accessible route except to pass behind parked vehicles unnecessarily and in violation of ADAAG.[13] (These spaces will need to be moved or given a direct accessible route to the accessible entrance.)

30.     Removal of the architectural barriers to access is readily achievable and could be completed by Defendant without significant difficulty or expense.

---

[8] 1991 Standard §§4.7.2, 4.7.5.; 2010 Standard §§406.2, 406.3, 406.4, 502.2, 502.3, 502.4.
[9] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[10] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[11] 1991 Standard §4.6.3; 2010 Standard §502.4.
[12] 1991 Standard §4.3; 2010 Standard §303.
[13] 1991 Standard §4.3.2; 2010 Standard §502.3.

31.     No notice to Defendant is required under ADAAG as a result of Defendant's failure to cure the violations contained herein during the many decades since ADAAG's adoption.  Congress did not require disabled people to beg for access— the duty lies with the property owner and business to comply with the law.

32.     Plaintiff has shopped at Smith's Food & Drug on the Premises, encountering the barriers to access outlined herein, on numerous occasions and is certain to do so again in the future.

33.     The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendant.

34.     As a result of Defendant's unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress, indignity and limitations to their personal freedom.

35.     Plaintiff's knowledge of the barriers described in this Complaint deterred Plaintiff's access to, or full use and enjoyment of the Premises.

36.     Plaintiff believes that the Premises have additional violations of ADAAG which would require additional inspection and access to the interior of the Premises. Plaintiff did not want to disrupt the business operations at the Premises and so performed only exterior measurements at the Premises that would not alarm or interfere with other patrons of the Premises. Plaintiff would like to meet representatives of the Defendant/s at the Premises to do a full inspection to document other violations of ADAAG. Plaintiff intends make a motion for the

inspection of real property, seeking a full inspection of the Premises to allow more specific

pleading regarding violations of ADAAG not specifically detailed herein.

**FIRST CAUSE OF ACTION**
**Injunction for Violation of Title III of the ADA**

37.     Plaintiff incorporates the foregoing paragraphs herein.

38.     Title III of the Americans with Disabilities Act expressly prohibits discrimination

on the basis of disability in the full and equal enjoyment of the goods, services, privileges or

accommodations by any person owns, leases or operates any place of public accommodations.[14]

39.     Defendant owns, leases and/or operates a place of public accommodation and is

subject to the requirements of Title III of the ADA[15].

40.     Under the ADA, failure to remove architectural barriers to access by disabled

persons, where readily achievable, constitutes discrimination.[16]

41.     The Department of Justice defined "readily achievable" as meaning "easily

accomplishable and able to be carried out without much difficulty or expense"[17].

42.     Defendant has engaged in discriminatory practices by: 1) failing to construct their

facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with

ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access,

---

[14] 42 U.S.C. §12101.
[15] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[16] 42 U.S.C. §12181(2)(A).
[17] 28 C.F.R. 6.304(a).

where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

43.     Defendant has continued its discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

44.     Because of Defendant's unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

45.     Plaintiff is entitled to a permanent injunction requiring Defendant to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

46.     Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

47.     Plaintiff incorporates the foregoing paragraphs herein.

48.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

49.     Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendant with regard to each of Defendant's violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility.

9

## THIRD CAUSE OF ACTION
## Nuisance Under Utah Code Ann. 78B-6-1101, *et. seq.*

50.     Plaintiff incorporates the foregoing paragraphs herein.

51.     Pursuant to Utah Code Ann. §78B-6-1101(1), "A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. A nuisance may be the subject of an action."

52.     "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."[18] "Upon judgment, the nuisance may be enjoined or abated, and damages may be recovered."[19]

53.     Defendant's failure to remove architectural barriers to access by persons with disabilities, as required by the ADA, has created a public nuisance which injuriously affects persons with disabilities and interferes with their personal enjoyment.

54.     Plaintiff's personal enjoyment of life has been lessened by the nuisance, thus she is entitled to bring suit and recover damages, including damages for pain and suffering.

55.     Plaintiff is entitled to an award of attorney's fees and costs incurred in bringing this suit under Utah Code Ann. §78B-6-1114.

---

[18] Utah Code Ann. §78B-6-1101(6).
[19] Utah Code Ann. §78B-6-1102(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

A.      For a permanent injunction requiring Defendant to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B.      For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendant with regard to each of Defendant's violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility;

C.      For a permanent injunction enjoining Defendant from maintaining the nuisance on its premises pursuant to Utah Code Ann. §78B-6-1102(2).

D.      For an award of compensatory and punitive damages (in an amount to be determined at trial) to Plaintiff under Utah Code Ann. §78B-6-1102(2) for the nuisance created by Defendant;

E.      For an award compensating Plaintiff for damages, including but not limited to pain and suffering incurred due to the illegal architecture and public nuisance; and

F.      For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205 and the Utah Code on public nuisances at §78B-6-1114; and

G.      For any and all other relief the Court deems just and equitable.

DATED this 24th day of October, 2016.

FORD & CRANE PLLC


/s/ Matthew B. Crane
Matthew B. Crane (UTB# 13909)
*Attorney for Plaintiff*